```
         FILED              RECEIVED
         ENTERED            SERVED ON
                   COUNSEL/PARTIES OF RECORD

              DEC - 8 2016

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:                              DEPUTY
```

DANIEL G. BOGDEN
United States Attorney
District of Nevada
KATHRYN C. NEWMAN
Assistant United States Attorney
Nevada Bar 13733
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
P 702-388-6336/ F 702-388-5087
kathryn.newman@usdoj.gov

Counsel for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD MARCOS MELENDEZ,<br><br>Defendant. | Case No.: 2:15-cr-280-RCJ-PAL<br><br>**PLEA AGREEMENT UNDER FED.R.CRIM.P.11(c)(1)(A) and (B)** |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Kathryn C. Newman, Assistant United States Attorney, the defendant EDWARD MARCOS MELENDEZ, and the defendant's attorney, William Carrico, Assistant Federal Public Defender, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.     SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and EDWARD MARCOS MELENDEZ, the defendant. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charge referenced in the Plea Agreement and applicable sentences and fines. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.     DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.     <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to a Superseding Criminal Information charging him with Misprision of Felony in violation of Title 18, United States Code, Section 4.

B.     <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1.     The right to proceed to trial by jury on all charges, or to a trial by judge if the defendant and the United States both agree;

2.     The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.     The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4.     The right to testify in his own defense at such a trial if he so chooses;

5.     The right to compel witnesses to appear at such a trial and testify in the defendant's behalf;

6.     The right to have the assistance of an attorney at all stages of such proceedings; and

7.     The right to be indicted by a grand jury on this charge.

C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered them in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States. The United States will move to dismiss the Criminal Indictment in this case as to this defendant at sentencing.

### III. ELEMENTS OF THE OFFENSES

The elements of Misprision of Felony under 18 U.S.C. § 4 are:

First, a federal felony was committed, as alleged in Counts One and Three of the Indictment;

Second, the defendant had knowledge of the commission of that felony;

Third, the defendant failed to notify an authority as soon as possible. An "authority i9ncludes a federal judge or some other federal civil or military authority, such as a federal grand jury, the Secret Service or an FBI agent; and

Fourth, the defendant did an affirmative act to conceal the crime.

*See* Pattern Crim. Jury. Instr. 10th Cir. 2.08 (2011).

### IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crimes charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

3

D.  The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1.  On May 20, 2014, a Nevada Highway Trooper pulled over a car traveling South on I-215 near the Red Rock Hotel and Casino, for traveling 82 mph in a posted 65 mph zone. Defendant Melendez was the driver and sole occupant of the car. Defendant Melendez gave the Trooper verbal consent to search his car. The Trooper found a wallet containing a driver's license in the name of Jesennia Luna and approximately 600 plastic cards, more than 200 of which were determined at that time to be counterfeit re-encoded access devices, in an otherwise empty box for an MSR605, (a re-encoding device), on the rear of the passenger side floor board, along with paperwork containing the personal identifiers of other victims in the rear passenger side door panel. The Trooper also observed a wallet near where Defendant Melendez was standing, tossed over the small barrier wall. Defendant Melendez lied to the officer and denied knowing anything about the wallet on the ground. After retrieving the wallet, the Trooper located multiple cards, including a counterfeit credit card re-encoded with an Itau UnoBanco number X-0337, bearing the name of Jesennia Luna, a Red Rock Hotel and Casino valet ticket, and a Red Rock Hotel and Casino room key.

2.  Telephonic state search warrants were obtained for the Red Rock Hotel room number 1110. A fully functional fraud lab was recovered from the room, including but not limited to, additional counterfeit access devices, a laptop computer, a thermal dye printer, and tipping foil. Further, approximately seven hundred forty two (742) plastic cards encoded with account numbers, including but not limited to MasterCard account number ending in X-5422 and Visa account number ending in X-7198, which had been used and attempted to be used to rent Red Rock Hotel and Casino, room number 1110, located at 11011 West Charleston, Las Vegas, Nevada; and electro-magnetic identifiers of credit card accounts issued to persons other than the

person listed on the hotel registrar, in violation of Title 18, United States Code, Sections 1029(a)(1), (b)(1), and (c)(1)(a)(i).

3. Defendant Melendez expressly admits that he knew there was a conspiracy to commit the felonies of Trafficking, Production and Use of Counterfeit Access Devices in violation of 18 U.S.C. §§ 1029(a)(1), (b)(1), and (c)(1)(a)(i), and Unlawful Possession of Device Making Equipment in violation of 18 U.S.C. § 1029(a)(4) and (c)(1)(a)(ii).

4. Defendant Melendez admits that he failed to notify authorities as soon as possible.

5. Defendant Melendez further admits that he affirmatively sought to conceal that criminal activity by discarding the wallet containing the "Jesennia Luna" identity, a room card, and the other cards, and by misleading the Trooper regarding the nature and source of the credit cards and other documents found in his car.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence.

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements, departures or variances.

<u>Underlying Offense: Counts One and Three</u>

| | |
|---|---|
| Base Offense Level (USSG § 2B1.1): | 6 |
| Enhancements: | |
|     Loss between $150,000 and $250,000 | +12 |
|     Access device fraud (USSG § 2B1.1(11)): | +2 |
| Total Offense Level for Underlying Offense | 18 |

<u>Misprison Offense Calculation</u>

| | |
|---|---|
| Base Offense Level of Underlying Offense | 18 |
| Adjustments: | |
|     Misprision Reduction (USSG § 2X2.1) | -9 |
|     Acceptance of Responsibility | -2 |
| Total Adjusted Offense Level | 7 |

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (c) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (d) attempts to withdraw his guilty plea; (e) commits or attempts to commit any crime.

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court will base the sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E.  <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.  <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A.  <u>Maximum Penalty</u>. Title 18, United States Code, Section 4 provides for a maximum penalty of imprisonment of not more than 3 years, and pursuant to 18 U.S.C. § 3571(b)(3), a fine of not more than $250,000, or both.

B.  <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C.  <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. Pursuant to 18 U.S.C. § 3559(a)(3) and USSG § 5D1.2(a)(3), a term of supervised release of one year may be ordered.

E. <u>Fine</u>. Under the provisions of USSG § 5E1.2, a fine may be imposed, depending upon the Court's finding of the appropriate Offense Level within a range to be determined by the Offense Level within a range to be determined by the Guidelines. However, USSG § 5E1.2(e) allows the District Court to waive any fine, impose a lesser fine or an alternative sanction, such as community service, if the defendant establishes he does not have the ability to pay a fine and is not likely to become able to pay any fine.

F. <u>Special Assessment</u>. The defendant is required to pay a $100.00 special assessment per count at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The parties will jointly recommend a sentence of time served. The defendant acknowledges that the Court does not have to follow the recommendation of the parties. Notwithstanding its agreement, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The parties will jointly recommend that the Court impose a one-year period of supervised release.

The United States will recommend the Court not impose a fine.

The parties will not request and the Court will not impose a sentence outside the Sentencing Guidelines range as calculated in this Plea Agreement except as noted above, and will not seek any other departure or variance pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) or any other Guidelines provision.

## IX. RESTITUTION

The parties agree restitution is not an issue in this case.

X.   **FORFEITURE**

The parties agree forfeitures are not an issue in this case.

XI.   **THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

    A.   <u>Plea Agreement and Decision to Plead Guilty</u>.  The defendant acknowledges that:

        1.   He has read this Plea Agreement and understands its terms and conditions;

        2.   He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

        3.   He has discussed the terms of this Plea Agreement with his attorney;

        4.   The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

        5.   He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

    The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

    B.   <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Guideline offense level as determined by the parties; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction under 28 U.S.C. § 1291 or sentence.

    The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the

Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Guidelines offense level as determined by the parties.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. <u>Removal/Deportation Consequences</u>. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## XII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises,

agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

12/8/16
DATED

*(signature)*
KATHRYN C. NEWMAN
Assistant United States Attorney

12/8/16
DATED

*(signature)*
EDWARD MARCOS MELENDEZ
Defendant

December 8, 2016
DATED

*(signature)*
WILLIAM CARRICO, AFPD
Counsel for Defendant

11